Nadhum SHASHOUA, M.D.,
Plaintiff-Appellant,

v.

Arthur F. QUERN, Director of Illinois
Department of Public Aid,
Defendant-Appellee.

No. 79–1008.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 13, 1979.

Decided Nov. 16, 1979.*

Opinion Jan. 9, 1980.

* This appeal was originally decided by unreported order on November 16, 1979. *See* Circuit Rule 35. The court has subsequently decided to issue the decision as an opinion.

Ezra Shashoua, Chicago, Ill., for plaintiff-appellant.

Ellen P. Brewin, Sp. Asst. Atty. Gen., Chicago, Ill., for defendant-appellee.

Before SWYGERT, SPRECHER and WOOD, Circuit Judges.

PER CURIAM.

The appellant, Nadhum Shashoua, appeals to this court from the judgment of the district court dismissing his complaint. The complaint named as defendants "Arthur F. Quern, Director of Illinois Department Of Public Aid [IDPA] and all other officials subject to the jurisdiction and control of the Illinois Department Of Public Aid" and contained four counts each alleging various difficulties the plaintiff had encountered with the IDPA. In essence, the plaintiff alleged that he was a medical doctor whose practice had almost exclusively involved treating public aid recipients who were entitled to Medicaid benefits. The plaintiff, according to his complaint, rendered medical services and billed the IDPA, which administers the Medicaid program in Illinois, his "usual and customary fee" for those services. The IDPA, however, did not reimburse the plaintiff for the full amount he had billed. Liberally construed, the plaintiff's complaint alleged the following course of conduct on the part of the IDPA which resulted in the disparity between the amounts he had billed and the amounts he was reimbursed.

1. His bills to the IDPA were reimbursed on the basis of a "physician's profile"—apparently a schedule of authorized and reimbursable charges for certain medical procedures. The profile used to reimburse him was based on usual and customary charges in the area around 1970, while other physicians who recently began participating in the Medicaid program were reimbursed according to profiles based on (apparently higher) usual and customary charges in more recent years.

2. The IDPA "segregated the submissions of the plaintiff for special treatment" (presumably audited his bills for reimbursement more carefully than those of other doctors) because the plaintiff had complained to units of government, Congressmen, and unions (apparently about the inadequate level of reimbursement under the Medicaid system as administered in Illinois).

3. The level of reimbursement provided by the IDPA was inadequate for plaintiff to meet his expenses, in violation of the federal Medicaid statute and regulations, and eventually forced the plaintiff to end his practice.

4. The inadequate level of payments for services rendered deprived his clients of "the right of all free-men [to receive] medical treatment deemed necessary or essential by their chosen physician."

The plaintiff's complaint variously alleged that the IDPA's course of conduct violated the Fourteenth Amendment equal protection clause, 42 U.S.C. § 1396, 45 C.F.R. § 250.30, and 42 U.S.C. §§ 1983 and 1985. The prayer for relief in Count II of the complaint requested "a declaratory judgment against the defendant" declaring the IDPA's inadequate reimbursement of plaintiff unconstitutional and illegal, declaring the plaintiff to be entitled to reimbursement according to his customary and usual charges, and directing payment accordingly. The prayer in Count IV requested a declaratory judgment that the IDPA's regulations (presumably those establishing different physician profiles) unconstitutional, an order requiring the complete reimbursement for all amounts plaintiff had billed, a judgment for "financial injury" presumably above and beyond the amounts

which should have been reimbursed as compensation for the loss of plaintiff's business, plus punitive damages in the amount of either four million one hundred or four million dollars. Counts I and III contained no prayers for relief. Interspersed in the complaint are allegations that the conduct of the "defendant" or "defendants" was "arbitrarily, [sic] unreasonable, capricious, and with malice of [sic] aforethought," and the result of a conspiracy to deprive the plaintiff of equal protection of the laws.

After a hearing on the defendant's motion to dismiss, the district court dismissed the complaint, citing numerous defects in the pleading and concluding that it stated no claim upon which relief could be granted. The district court also denied plaintiff's motion for leave to amend the complaint. The plaintiff had requested leave to add a proper prayer for relief in Count I maintaining that the prayer had been inadvertently omitted.

The plaintiff's complaint is inartfully drawn and his appellate brief does little to clarify its allegations or the perimeters of the relief that he seeks. Among the complaint's defects is its failure to identify clearly those against whom he seeks relief. The plaintiff variously complains of the conduct of the "defendant," "defendants" and "it." There are basically two possible defendants: (1) the State of Illinois Department of Public Aid (by means of suit against Quern in his official capacity) and (2) Arthur Quern in his personal capacity.

■ *Action Against Illinois.* It is clear that the gist of the plaintiff's complaint is an attack against Quern only in his official capacity. The suit is therefore basically one against the State of Illinois. To the extent that the plaintiff seeks damages or any other retroactive relief against Illinois, the action is, as plaintiff during oral argument conceded, outside the jurisdiction of the federal courts. U.S.Const. Amend. XI; *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). The fact that

the plaintiff has posited his cause of action upon section 1983 does not permit the federal court to grant retroactive relief. *See Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). *See also Hospital Association of New York State, Inc. v. Toia,* 577 F.2d 790 (2d Cir. 1978).

■ The action insofar as the plaintiff seeks prospective or declaratory relief against the State of Illinois also seems to be outside the jurisdiction of the federal court, but for another reason: the case is moot. The plaintiff apparently no longer has a medical practice serving Medicaid recipients. Moreover, the "physician's profile" of which he complains has been replaced by a new IDPA regulation which provides for uniform reimbursement levels. Any future injury to the plaintiff therefore is speculative and remote and the federal district court could properly decline to entertain the request for declaratory or prospective relief against the state. *See Chicago Consortium, Inc. v. Brennan,* 599 F.2d 138 (7th Cir. 1979); *Hospital Association of New York State, Inc. v. Toia,* 577 F.2d 790, 798 (2d Cir. 1978).[1]

■ *Action Against Quern Personally.* The action against Quern in his personal capacity must fail, because the complaint fails to allege any personal involvement on the part of Quern. As this court noted about a similar complaint in *Potter v. Clark,* 497 F.2d 1206 (7th Cir. 1974):

Conspicuous by its absence from the complaint is any allegation of any act on the part of defendant toward the plaintiff. The only place where defendant was named was in the caption of the complaint. Moreover, no other person was named in the complaint. Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construc-

---

1. Because of the change in the IDPA's regulations, assuming *arguendo* that plaintiff could assert the rights of his patients, *see Singleton*

*v. Wulff,* 428 U.S. 106, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976) (opinion of Blackmun, J.), that aspect of plaintiff's complaint is also moot.

tion to be given *pro se* complaints. *Brzozowski v. Randall*, 281 F.Supp. 306, 312 (E.D.Pa.1968).

*Id.* at 1207. Here, the complaint was drafted by an attorney and, accordingly, the rules of pleading are not as relaxed as they are for *pro se* complaints. The complaint was properly dismissed.

The appellant now complains that, if his pleading was deficient, the trial court erred in denying his motion to amend. As the court stated in *Cohen v. Illinois Institute of Technology*, 581 F.2d 658, 661 (7th Cir. 1978), *cert. denied*, 439 U.S. 1135, 99 S.Ct. 1058, 59 L.Ed.2d 97 (1979), "the decision as to whether to grant a motion to amend a complaint is entrusted to the sound discretion of the trial court." Nevertheless, this court has recognized that leave to amend should be liberally granted and has found that the trial court abused its discretion particularly when it could not be said "to a certainty that the plaintiff cannot state a claim upon which relief can be granted." *See Rohler v. TRW, Inc.*, 576 F.2d 1260, 1266 (7th Cir. 1978).

Applying these standards, it cannot be said that the district court abused its discretion, insofar as the action is one against the State of Illinois. Plaintiff only sought to amend Count I of the complaint by adding a prayer for relief. It is plain for the reasons above that such an amendment would not cure the defects in the appellant's pleading against the State. Retroactive relief is unavailable; the request for prospective relief is moot. Therefore, the suggested amendment to plaintiff's complaint would not have cured the defects in the pleading. Indeed, plaintiff during oral argument apparently abandoned any claim against the State of Illinois.

Similarly, we cannot find that the district court abused its discretion insofar as the complaint sought relief against Quern in his personal capacity. The plaintiff never sought to cure the defects in his pleadings as to Quern's personal involvement in the actions of which he complains. Thus the situation is similar to those in which leave to amend has never been sought. *See, e. g., Coates v. Illinois State Board of Education*, 559 F.2d 445, 451 (7th Cir. 1977). In such cases, this court has declined to find that the trial court abused its discretion. Moreover, plaintiff has never explained how he would cure the defective allegations. The plaintiff's complaint seems largely one against the official policies of the IDPA. As has been noted by the appellees, the policies about which the plaintiff complains were formulated in 1971 and the defendant Quern did not become Director of the IDPA until 1976. Thus, it seems unlikely that plaintiff could in good faith amend his complaint to cure its present deficiencies. If the substance of the proposed amendment is insufficient to cure the original pleading, the appellate court will not find an abuse of discretion in declining to permit the amendment. *See Cohen v. Illinois Institute of Technology*, *supra*.

The trial court properly dismissed the complaint and correctly declined to permit the proposed amendment. Accordingly, the judgment of the district court is affirmed.