Timothy **AUGUSTINE**, Plaintiff,

v.

James **EDGAR**, etc., et al., Defendants.

No. 82 C 3625.

United States District Court,
N.D. Illinois, E.D.

Dec. 13, 1983.

Stephen G. Daday, Dejong, Poltrock & Glampietro, Chicago, Ill., for plaintiff.

William F. Conlon, Sp. Asst. Atty. Gen., Nancy Nimz, Asst. Atty. Gen., Sidley & Austin, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

NORDBERG, District Judge.

This matter is before the court on the motions of the defendants to dismiss the plaintiff's complaint for failure to state a claim under Federal Rules of Civil Procedure 12(b)(6). Plaintiff's complaint seeks damages and specific performance pursuant to 42 U.S.C. Section 1983. For the reasons set forth below, the motions are denied.

### FACTS

The plaintiff, Timothy Augustine, was an employee of the Office of the Secretary of State of Illinois at the State Drivers License facility on Elston Avenue in Chicago. At all times relevant to this case, the defendants were employed as follows: James Edgar was Secretary of the State of Illinois; Christopher Mariades was Director of Personnel at the Office of the Secretary of State; and William Logan was Director of the Driver Services Department of the Office of the Secretary of State.

On or about January 29, 1981, plaintiff Augustine's name and picture were broadcast on the evening news report of a local television station. He was alleged to have been a part of a scheme to receive bribes from driver education schools to obtain driver's licenses.

The next day, Augustine was informed by the Office of the Secretary of State that he was suspended for 29 days without pay, pending an investigation by the Office of the Secretary of State into Augustine's failure to adhere to policies and standards in the examination of driver's licenses. Prior to the end of the suspension period, Augustine was informed that he was discharged from employment at the Office of the Secretary of State, to be effective on the final day of his suspension. At the time of the discharge, press releases were issued to the media from the Office of the Secretary of State. The releases indicated that the plaintiff Augustine had failed to administer a vision test and a written examination to an individual. Defendant Edgar repeated the charge against Augustine in press conferences.

Augustine claims that the charge is false and that he was not given notice of the reasons for his discharge or an opportunity to be heard prior to the discharge. He claims that the statements contained in the

press releases and press conferences are defamatory and have injured his reputation and his ability to obtain employment. He asserts that his constitutional rights to due process and equal protection under the Fourteenth Amendment of the United States Constitution have been violated. He seeks damages and reinstatement to his position until his procedural due process rights are granted.

## MOTION TO DISMISS

The defendants argue several bases to dismiss the plaintiff's complaint for failure to state a claim on which relief can be granted. Federal Rules of Civil Procedure 12(b)(6). Defendants contend that: 1) no constitutional right of the plaintiff has been violated by defendants conduct; 2) as state officials, they are immune from liability, if any; 3) there is a lack of sufficient personal involvement by the defendants on which to base liability; and 4) the action is actually one against the State of Illinois and is therefore barred by the Eleventh Amendment of the Constitution. Defendants contend in the alternative that the remedy of reinstatement is inappropriate.

The guidelines to be used to consider a motion to dismiss are clear. A complaint should not be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of his claim that would entitle him to the relief requested. *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). The United States Court of Appeals for the Seventh Circuit stated: "Under the Federal Rules of Civil Procedure, it is well established that, on a motion to dismiss, a complaint must be construed in the light most favorable to the plaintiff, the allegations thereof taken as true; and if it appears reasonably conceivable that at trial the plaintiff can establish a set of facts entitling him to some relief, the complaint should not be dismissed." *Mathers Fund, Inc. v. Colwell*, 564 F.2d 780, 783 (7th Cir.1977).

## PROTECTED CONSTITUTIONAL INTEREST

Defendants contend that the injury the plaintiff has allegedly suffered is not one protected by the Constitution and therefore a claim is not stated under 42 U.S.C. Section 1983. To support their contention, defendants attempt to distinguish cases which hold that such an injury does state a claim.

In several landmark decisions the United States Supreme Court has addressed the issue of discharge from state employment coupled with defamatory remarks about the discharged employee as a violation of an individual's constitutional interest. In *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), the Court recognized that a state's discharge or refusal to rehire an individual coupled with a charge which reflects negatively on that individual's reputation can violate that individual's liberty interest which is protected by the Fourteenth Amendment. *Id.*, 408 U.S. at 573, 92 S.Ct. at 2707. The Court in *Roth* distinguished the facts of the case before it and described a set of facts which would state a cognizable constitutional claim:

> The State in declining to rehire [the plaintiff], did not make any charge against him that might seriously damage his standing and associations in the community. It [the state] did not base the non-renewal of his contract on a charge, for example, that he had been guilty of dishonesty or immorality. Had it done so, this would be a different case.

*Id.*

The *Roth* Court then cited *Wisconsin v. Constantineau*, 400 U.S. 433, 437, 91 S.Ct. 507, 510, 27 L.Ed.2d 515 (1971): "Where a person's good name, reputation, honor or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential... In such a case, due process would accord an opportunity to refute the charge..." *Roth*, 408 U.S. at 573, 92 S.Ct. at 2707. The *Roth* Court continued to describe cir-

cumstances where a protected liberty interest would exist: "Similarly there is no suggestion that the state, in declining to re-employ [the plaintiff], imposed on him a stigma or other disability that foreclosed his freedom to take advantage of other opportunities." *Id.*

In a subsequent case, *Paul v. Davis,* 424 U.S. 693, 710, 96 S.Ct. 1155, 1165, 47 L.Ed.2d 405 (1976), the Court reiterated its recognition of the constitutionally protected liberty interest: "Thus it was not thought sufficient to establish a claim under Section 1983 and the Fourteenth Amendment that there had simply been a defamation by a state official, the defamation had to occur in the course of termination of employment."

It is clear that the United States Supreme Court recognizes discharge from employment by the state when coupled with defamatory charges against the employee as an interest which warrants due process protection. The Seventh Circuit Court of Appeals subsequently recognized the protected liberty interest of an individual discharged from employment by the state in conjunction with defamation by a state official in *Colaizzi v. Walker,* 542 F.2d 969 (7th Cir.1976), *cert. denied,* 430 U.S. 960, 97 S.Ct. 1610, 51 L.Ed.2d 811 (1977). In *Colaizzi,* the court discussed *Roth* in light of *Paul v. Davis,* and stated: "... [I]nfliction of a stigma to reputation accompanied by a failure to rehire (or a fortiori, by a discharge) states a claim for deprivation of liberty without due process within the meaning of the Fourteenth Amendment. Moreover, this combination of stigma plus failure to rehire/discharge states a claim even if failure to rehire or discharge of itself deprives the plaintiff of no property interest within the meaning of the Fourteenth Amendment." *Colaizzi,* 542 F.2d at 973.

■ Under the above-mentioned standard used to decide a motion to dismiss, taking the allegations of the plaintiff as true, the plaintiff may establish that the requisite stigma plus failure to rehire occurred as a result of actions taken by the defendant state officials. If these facts are established, a constitutionally protected interest of the plaintiff has been violated. Therefore, the motion to dismiss for failure to state claim on which relief can be granted, based on the contention that no constitutional interest of the plaintiff has been violated, is denied.

## IMMUNITY

Defendant Logan contends that as a public official he is entitled to immunity from any liability which may result from any actions he may have taken related to the plaintiff's discharge from his state employment. Logan claims that the action against him is barred. He supports this contention by citing *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

The Court in *Harlow* recognized two kinds of official immunity defenses. "Absolute immunity" applies to officials whose special functions or constitutional status require complete protection from suit. *Id.* at 2733. "Qualified immunity" is the norm for executive officials in general. The Court held that "government officials performing discretionary functions generally are shielded from liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* at 2738.

The Seventh Circuit Court of Appeals addressed the issue of official immunity in *Colaizzi v. Walker,* 655 F.2d 828 (7th Cir. 1981). The case had a similar fact pattern to the present one. The court discussed the defense of qualified immunity for government officials. "The proper question for the district court to have considered [was] whether the defendants, in good faith, had reason to believe the procedures they followed satisfied the due process requirements of *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)..." *Colaizzi,* 655 F.2d at 831.

In *Colaizzi*, the court found that a summary judgment for the defendants [public officials] was improper on the issue of qualified immunity because factual disputes existed as to the nature and extent of hearings given to the plaintiffs, and whether or not such hearing opportunities, if any, satisfied due process of law. 655 F.2d at 831. The court stated that "in order for the trial court to have entered judgment upon ... the defense [that due process was provided] undisputed facts must have been established ... that the plaintiffs had been afforded appropriate notice and an opportunity to be heard prior to the public announcement of charges against them... Since disputed facts were present, the case was not ripe for summary judgment."

The reasoning of both *Harlow* and *Colaizzi* is applicable to the present case. Under the above-mentioned standard for a motion to dismiss, the plaintiff may establish that his constitutional right to notice and an opportunity to be heard prior to his discharge was clearly established. *Harlow, supra.* The plaintiff may also establish that his right to notice and a hearing were not provided prior to the public announcement of the charges against him. *Colaizzi, supra.* If the plaintiff does establish these facts, the defense of qualified immunity is not available to the defendant. *See also, Crowder v. Lash,* 687 F.2d 996 at 1007 (7th Cir.1982).

Under the standard applicable for a motion to dismiss, the motion is denied on the basis of immunity of defendant Logan as a state official.

## LACK OF PERSONAL INVOLVEMENT

Defendant Logan contends that the plaintiff's complaint should be dismissed based on a lack of sufficient allegation of personal involvement by Logan. Logan relies on *Duncan v. Nelson,* 466 F.2d 939, 943 (7th Cir.1972), *cert. denied,* 409 U.S. 894, 93 S.Ct. 116, 34 L.Ed.2d 152 (1972) for the proposition that "in an action under Section 1983, a plaintiff is required to set forth specific illegal misconduct and resultant harm in a way which will permit an informed ruling whether the wrong complained of is of federal cognizance." Under the standard enunciated above for sustaining a complaint under a motion to dismiss, the plaintiff's complaint does allege sufficient misconduct by Logan. *See Durso v. Rowe,* 579 F.2d 1365, 1371 n. 6 (7th Cir.1978); *Craft v. Board of Trustees,* 516 F.Supp. 1317, 1325 (N.D.Ill.1981).

The motion to dismiss for failure to state a claim due to lack of sufficient allegations of personal involvement of defendant Logan is denied.

## ELEVENTH AMENDMENT AS A BAR TO THE ACTION

Defendants contend that the Eleventh Amendment of the Constitution of the United States bars plaintiff's action against the defendants because plaintiff's action is actually one against the state. To support this argument, defendants cite *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974) and *Shashoua v. Quern,* 612 F.2d 282 (7th Cir.1979). The Court in *Edelman* stated the rule that a "suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." 415 U.S. at 663, 94 S.Ct. at 1356. *Shashoua* is in accord.

In the present case, however, the plaintiff does not seek to impose liability which must be paid from public funds. Therefore, the reasoning of *Edelman v. Jordan* is not applicable to the present case. The reasoning of *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), however, is relevant. The Court stated:

Since *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441 [52 L.Ed. 714] (1908), it has been settled that the Eleventh Amendment provides no shield for a state official confronted by a claim that he had deprived another of a federal right under color of state law... [W]hile it is clear that the doctrine of *Ex parte Young* is of no aid to the plaintiff seeking damages from the public treasury, *Edelman v. Jordan, supra,* ... damages against in-

dividual defendants are a permissible remedy against individual defendants in some circumstances notwithstanding the fact that they hold public office.

The court in *Scheuer* analyzed the complaints before it in light of this reasoning. It held that the plaintiffs alleged facts that demonstrated that they sought to impose individual and personal liability on the named defendants for what they claimed— but had not yet established by proof—was a deprivation of federal rights by the defendants under color of state law. The court stated: "[W]hatever the plaintiffs may or may not be able to establish as to the merits of their allegations, their claims, as stated in the complaints, given the favorable reading required by the Federal Rules of Civil Procedure, are not barred by the Eleventh Amendment." *Id.*, 416 U.S. at 238, 94 S.Ct. at 1687.

█ In the present case, Augustine has alleged a cause of action against all the defendants personally sufficient to withstand a motion to dismiss. Therefore, the motion to dismiss based on lack of subject matter jurisdiction based on the Eleventh Amendment of the United States Constitution is denied.

### REMEDY OF REINSTATEMENT

Defendants Edgar and Mariades contend that, if the motion to dismiss is not granted, the remedy of reinstatement requested by the plaintiff is inappropriate and should be stricken from the complaint. For the following reasons, the motion to strike the remedy of reinstatement is denied.

The defendants contend that as a matter of law, the plaintiff is not entitled to reinstatement to his position. To support their contention, *Codd v. Velger*, 429 U.S. 624, 627, 97 S.Ct. 882, 883, 51 L.Ed.2d 92 (1977), is cited for the proposition that the remedy mandated by the Due Process Clause of the Fourteenth Amendment is solely "an opportunity to refute the charge." In *Codd,* the facts were such that a hearing to refute the charge was not required because the plaintiff did not dispute the truth of the

stigmatizing charge. This clearly is not the case in the instant action.

Defendants cite cases from other jurisdictions in which the courts did not grant the remedy of reinstatement for the violation of the plaintiffs' liberty interests. *See Graves v. Duganne*, 581 F.2d 222 (9th Cir. 1978) and *Dennis v. S & S Consolidated Rural High School District*, 577 F.2d 338 (5th Cir.1978). However, plaintiff cites *McGhee v. Draper*, 639 F.2d 639, 646 (10th Cir.1981) which stated that reinstatement may be an appropriate remedy if a plaintiff can prove that, if full procedural due process rights had been provided, plaintiff would have been retained in the position.

Therefore, the circuits are not in accord. It is not clear that the remedy of reinstatement is inappropriate as a matter of law. The motion to strike reinstatement as a remedy is denied at this time.

It is so ordered.