Cordelia **WALKER**, Plaintiff,

v.

**CITY OF CHICAGO, et al., Defendants.**

No. 86 C 4398.

United States District Court, N.D. Illinois, E.D.

Oct. 16, 1986.

W. James Brown, Chicago, Ill., for plaintiff.

Judson H. Miner, Acting Corp. Counsel City of Chicago, by Arthur N. Christie, Asst. Corp. Counsel Chicago, Ill., for defendants.

## MEMORANDUM ORDER

BUA, District Judge.

Plaintiff brought this action against several defendants. Plaintiff alleges that these defendants deprived plaintiff of various constitutional rights. Plaintiff seeks relief under 42 U.S.C. § 1983.

Before this Court is defendants' motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6). Defendants City of Chicago and Mayor Washington seek to be dismissed from this action. Whereas, defendants Raby and Stevens seek to be dismissed in their official capacities. For the reasons stated below, defendant Mayor Washington's motion to dismiss Counts I and II is granted. In contrast, defendants City of Chicago, Raby, and Stevens' motion to dismiss Counts I and II is denied.

## DISCUSSION

### A. City of Chicago

The City of Chicago argues that plaintiff's claim should be dismissed for failure to state a claim pursuant to Rule 12(b)(6). In particular, the City asserts that the complaint failed to properly allege the kind of official governmental policy that is a prerequisite for municipal liability under *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

■ Several requirements must be met to state a claim for municipal liability pursuant to 42 U.S.C. § 1983. First, a complaint must allege that a plaintiff was deprived of a constitutional right. Second, a plaintiff must plead that the constitutional deprivation was caused by government officials acting in accordance with a municipal policy or custom. *Oklahoma City v. Tottle*, 471 U.S. 808, 105 S.Ct. 2427, 2433, 85 L.Ed.2d 791 (1985); *Monell v. New York City*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In addition, boilerplate allegations of municipal policy, without any factual allegations to support those general allegations, do not establish a § 1983 claim against a municipality. *Rodgers v. Lincoln Towing Services, Inc.*, 771 F.2d 194, 202 (7th Cir.1985).

In the instant case, neither party disputes plaintiff's satisfaction of the first requirement. Plaintiff clearly alleged that she was deprived of a constitutional right. Instead, the City of Chicago argues that plaintiff failed to satisfy the second requirement. The City of Chicago asserts that plaintiff failed to plead that the constitutional deprivation was caused by government officials acting in accordance with a municipal policy or custom.

The fundamental question before this Court is whether plaintiff's allegation of a single isolated incident of constitutional deprivation is sufficient to state a § 1983 claim against a municipality. This Court's analysis shall focus on the issue of whether a single incident of constitutional deprivation can establish a municipal "policy" when the incident results from a direct command by a municipal policymaker.

The United States Supreme Court recently addressed this issue in *Pembaur v. City of Cincinnati*, — U.S. —, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986). In *Pembaur*, the Court was confronted with the issue of whether, and in what circumstances, a single incident resulting from a direct command by municipal policymakers may satisfy the *Monell* "policy" requirement. The facts of that case revolved around two deputy sheriffs who attempted to enter a doctor's clinic. The doctor expressly refused to admit the sheriffs. Unsure of the proper course of action to follow, the sheriffs sought instructions from their supervisor. The sheriffs were instructed to follow the orders of the County Prosecutor. The Prosecutor, after making a considered decision based on his understanding of the law, directed the officers to forcibly enter the doctor's clinic. The enforcement of that decision directly caused the violation of the doctor's Fourth Amendment rights and litigation ensued. The *Pembaur* Court ruled in favor of plaintiff Pembaur; the Supreme Court held that municipal liability under § 1983 attaches to a single isolated incident when—and only when—a deliberate choice

to follow a course of action is made from among various alternatives by the officials responsible for establishing final policy with respect to the subject matter in question.

■ This Court believes the Supreme Court's holding in *Pembaur* is dispositive. *Pembaur* and the instant case raise the identical issue and set forth substantially similar facts. In both cases, plaintiffs attempted to establish a municipal "policy" by setting forth a single incident of constitutional deprivation. In the present case, plaintiff claims defendants violated various rights guaranteed by the First and Fourteenth Amendments. Next, the plaintiffs in both cases alleged that the constitutional deprivation resulted from a direct command issued by a policymaker. In the instant case, plaintiff's constitutional rights were allegedly violated when she was terminated from her employment position with the City of Chicago's Commission on Human Rights. Plaintiff was terminated by defendant Deputy Director Stevens who acted pursuant to a mandate issued by co-defendant Acting Director Raby. Further, plaintiff alleged that Raby was responsible for establishing the final "policy" with respect to employment with the Commission on Human Rights.

This Court will follow the holding and adopt the rationale espoused by the Supreme Court in *Pembaur* since the facts and issues in this case are substantially similar to those presented before the *Pembaur* Court. Accordingly, this Court rules that plaintiff properly pled the second § 1983 requirement, that the constitutional deprivation was caused by a government official acting in accordance with a municipal policy. Therefore, plaintiff stated a § 1983 cause of action. Defendant City of Chicago's motion to dismiss is denied.

### B. Defendants Raby and Stevens

Plaintiff chose to sue defendants Raby and Stevens in both their individual and official capacities. These two defendants argue that the claims against them in their official capacities must be dismissed since the claims against the City of Chicago also must be dismissed. This Court is not persuaded in light of its denial of the City of Chicago's motion to dismiss.

■ Actions for damages against a party in his official capacity are, in essence, actions against the municipality of which the official is an agent. *Monell v. City of New York*, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2021, 56 L.Ed.2d 611 (1978). Thus, damages may be awarded against a defendant in his official capacity only if such damages would be available against the municipality itself. *Hughes v. Blankenship*, 672 F.2d 403, 406 (4th Cir.1982); *Famalias Unidas v. Briscoe*, 619 F.2d 391, 403 (5th Cir.1980). In the instant case, defendants Raby and Stevens can be held liable in their official capacities since plaintiff's Complaint states a § 1983 claim against the municipality, and properly pleads that the constitutional deprivation resulted from defendant Stevens' execution of a policy established by co-defendant Raby. Accordingly, this Court denies defendants Raby and Stevens' motion to dismiss them in their official capacities.

### C. Defendant Mayor Washington

A plaintiff is required to plead two requirements to state a claim pursuant to 42 U.S.C. § 1983. First, the complaint must allege that the plaintiff was deprived of a federally protected right. Second, the person who deprived plaintiff of the federally protected right must have acted under the color of state law. *Gomez v. Toledo*, 446 U.S. 635, 638, 100 S.Ct. 1920, 1922, 64 L.Ed.2d 572 (1980).

■ In this case, plaintiff insufficiently pled a § 1983 claim against defendant Washington. Plaintiff makes no references to any alleged wrongdoing by Mayor Washington. Washington's name is only mentioned twice in the Complaint. First, paragraph 6 states that Washington is the Mayor of Chicago. Second, paragraph 14 states that Washington was an agent and employee of the City of Chicago, and that Washington acted under color of state law. Neither paragraph alleges that Washington

was involved in any wrongdoing or had any personal involvement in the constitutional deprivation. *See Shashova v. Quern,* 612 F.2d 282 (7th Cir.1974). Moreover, neither reference to Washington alleges that Washington deprived plaintiff of any federally protected right. Consequently, plaintiff fails to state a § 1983 claim against Mayor Washington. Accordingly, Mayor Washington's motion to dismiss Counts I and II is granted to the extent Counts I and II relate to Mayor Washington.

### CONCLUSION

This Court grants defendant Washington's motion to dismiss Counts I and II to the extent Counts I and II relate to Washington. In contrast, this Court denies defendants City of Chicago, Raby, and Stevens' motion to dismiss Counts I and II.

IT IS SO ORDERED.