961 F.2d 1576
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John M. DEGRAZIA, Plaintiff-Appellant,
v.
ERMANCO, INCORPORATED, a Michigan corporation, Defendant-Appellee.
 No. 91-2006.
 United States Court of Appeals, Sixth Circuit.
 May 1, 1992.
 
 Before RALPH B. GUY, JR. and DAVID A. NELSON, Circuit Judges, and REAVLEY, Senior Circuit Judge.*
 REAVLEY, Senior Circuit Judge.
 
 
 1
 John DeGrazia brought this suit against his former employer, Ermanco, Inc. (Ermanco), claiming that his demotion and ultimate termination were the products of age discrimination in violation of the federal Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-34 (1985), and Michigan's Elliott-Larsen Civil Rights Act (ELCRA), MICH.COMP.LAWS §§ 37.2101 et seq., and that his termination constituted a wrongful discharge. Ermanco contends that it demoted and terminated DeGrazia because of his failure to perform according to Ermanco's standards. The district court granted summary judgment for Ermanco, and we affirm.
 
 I. DISCUSSION
 A. AGE DISCRIMINATION[1]
 
 2
 The parties agree that DeGrazia has presented a prima facie case of age discrimination, and that Ermanco has articulated a non-discriminatory reason for its actions, so we need only determine whether DeGrazia's evidence would allow a reasonable juror to find that a discriminatory reason more likely motivated Ermanco or that Ermanco's stated reason is a "mere pretext" for discrimination. Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 252-56, 101 S.Ct. 1089, 1093-95 (1981); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05, 93 S.Ct. 1817, 1824-25 (1973). DeGrazia may prove such a pretext in one of three ways: "(1) by showing that the stated reasons had no basis in fact, (2) by showing that they were not the actual reasons, and (3) by showing that they were insufficient to explain the discharge." Wheeler v. McKinley Enterprises, 937 F.2d 1158, 1162 (6th Cir.1991).
 
 
 3
 The record contains ample evidence to support Ermanco's contention that it terminated DeGrazia because of his unsatisfactory performance. DeGrazia's strongest evidence that Ermanco's true motivation was DeGrazia's age consists of four age-related statements made by Frank Fazzina, Ermanco's vice-president and co-owner, who hired and supervised DeGrazia.[2] The district court held that these statements were insufficient to prove pretext, and distinguished this case from others that involved age-related statements on the grounds that the statements in those cases were either so egregious as to independently prove age discrimination, or they were accompanied by other sufficient evidence of discrimination. See Cooper v. Asplundh Tree Expert Co., 836 F.2d 1544, 1548 (10th Cir.1988); Rollins v. TechSouth, Inc., 833 F.2d 1525, 1531 (11th Cir.1987); Miller v. Lyng, 660 F.Supp. 1375, 1379-80 (D.D.C.1987); Searight v. Kaiser Aluminum & Chemical Corp., 625 F.Supp. 17, 21 (N.D.Ill.1984).
 
 
 4
 We agree with the district court that Fazzina's age-related statements are distinguishable from that line of cases. Fazzina's statements exhibited his desire to understand why DeGrazia's performance was "slowing down," and were not the type of egregious statement that independently reveal a bias against older workers. See Gagne v. Northwestern Nat'l Ins. Co., 881 F.2d 309, 314 (6th Cir.1989) (supervisor's statement that he "needed younger blood" was too isolated and ambiguous to support finding of age discrimination). Moreover, DeGrazia failed to offer other sufficient evidence of discrimination. DeGrazia asserts that a jury could find that Fazzina, after suffering a heart attack, had a "philosophical change of heart" that made him biased against older workers. But Fazzina actually criticized DeGrazia's tardiness on three evaluations and in at least two memos that Fazzina wrote prior to his heart attack. So we agree with the district court that Fazzina's age-related statements are not sufficient to allow a reasonable juror to find pretext.
 
 
 5
 The record reveals and DeGrazia admits that he failed to meet many of Fazzina's expectations, but DeGrazia contends that these expectations were themselves a mere pretext to allow Fazzina to terminate DeGrazia. But a plaintiff cannot show pretext by raising questions about the soundness of the employer's business judgment. Dubey, 462 N.W.2d at 760. An employer can hold an employee to harsh and unfair expectations as long as he does not "treat an older employee more harshly than a younger one." Palucki v. Sears, Roebuck & Co., 879 F.2d 1568, 1571 (7th Cir.1989).
 
 
 6
 DeGrazia must prove that his age was a factor in Ermanco's decision to demote and terminate him, and that "but for" this factor Ermanco would not have made those decisions. Gagne, 881 F.2d at 314. Age need not be the only factor, but it must be a determining factor. Blackwell v. Sun Elec. Corp., 696 F.2d 1176, 1181 (6th Cir.1983). DeGrazia's evidence fails to meet this "but for" requirement. A reasonable jury could not find that DeGrazia would have been terminated even if he had been meeting Fazzina's expectations, or that he would not have been terminated if he had been younger.
 
 
 7
 Although DeGrazia's evidence might support his hypothesis that Fazzina's actions were motivated by age discrimination, such evidence does not
 
 
 8
 automatically defeat[ ] summary judgment and secure[ ] his right to a trial. The district court must still make a judgment as to whether the evidence, interpreted favorably to the plaintiff, could persuade a reasonable jury that the employer had discriminated against the plaintiff. If not, the court must grant the employer's motion for summary judgment.
 
 
 9
 Palucki, 879 F.2d at 1570. We find that the district court properly did so in this case.
 
 B. WRONGFUL DISCHARGE
 
 10
 Under Michigan law, "contracts for permanent employment are for an indefinite period of time and are presumptively construed to provide employment at will." Rowe v. Montgomery Ward & Co., 473 N.W.2d 268, 271 (Mich.1991). But "an employer's express agreement to terminate only for cause, or statements of company policy and procedure to that effect, can give rise to rights enforceable in contract." Toussaint v. Blue Cross & Blue Shield, 292 N.W.2d 880, 890 (Mich.1980). DeGrazia contends that Ermanco's policies justified his legitimate expectation that he would be fired only for just cause, and that Ermanco wrongfully discharged him without just cause. The district court found that Ermanco's policies did not permit a legitimate expectation of a just cause standard. We agree.
 
 
 11
 DeGrazia's expectation must be more than "a mere subjective expectancy." Schwartz v. Michigan Sugar Co., 308 N.W.2d 459, 462 (Mich.Ct.App.1981). Instead, the employer's policy statements must reveal a "common understanding or mutual intent to contract that employment be continuing but for cause." Id. (emphasis added). The Michigan Supreme Court found such intent in Toussaint because the plaintiffs in that case, who negotiated specifically regarding job security with the person who interviewed and hired them, were orally promised that they would not be terminated as long as they "did their job." Toussaint, 292 N.W.2d at 884. Moreover, one plaintiff was given a manual that stated that the employer's policy was to release employees "for just cause only." Id. But in Rowe, the same court distinguished Toussaint and found that the plaintiff, who was told that "as long as I sold, I would have a job at Montgomery Ward," could not have reasonably taken this to be a promise to terminate only for cause. Rowe, 473 N.W.2d at 274.
 
 
 12
 DeGrazia points to four of Ermanco's policy statements that he contends imply a just cause standard.[3] But as this Court stated in Reid v. Sears, Roebuck & Co., 790 F.2d 453 (6th Cir.1986):
 
 
 13
 We do not believe the listing of causes that "may result in the termination of your employment" ... provided a reasonable basis for the conclusion that the plaintiffs were employed under a "for cause" contract. The fact that certain acts were identified as conduct that might lead to discharge did not indicate that these acts were the exclusive permissible grounds for discharge.
 
 
 14
 Id. at 460 (emphasis added). Ermanco's policy statements, like those in Reid, merely explain that continued employment is subject to the employee's satisfactory performance. They do not state, or make reasonable the belief, that employees will not be terminated as long as their performance is satisfactory.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The Honorable Thomas M. Reavley, United States Court of Appeals for the Fifth Circuit, sitting by designation
 
 
 [1]
 We address DeGrazia's ADEA and ELCRA claims together because the burden of proving age discrimination under either statute is the same. Dubey v. Stroh Brewery Co., 462 N.W.2d 758, 758-59 (Mich.Ct.App.1990)
 
 
 [2]
 We accept as true DeGrazia's contention that Fazzina mentioned DeGrazia's age on four occasions. First, in August 1988, Fazzina commented that he "couldn't understand why [DeGrazia] couldn't get more done, why [he] couldn't be more effective, that [he] must be slowing down because of [his] age." Second, Fazzina and DeGrazia met after Fazzina sent a final warning to DeGrazia, and Fazzina commented "that perhaps [DeGrazia is] slowing down because [he's] getting old." Third, Fazzina commented during a "heated" conversation with DeGrazia that Fazzina "doesn't know what's wrong with [DeGrazia], why can't [he] get all these things done, maybe it's because of [his] age." Finally, after DeGrazia told Fazzina that he would accept the demotion, Fazzina commented: "Well, at your age, you're not going to look for satisfaction out of revenge, you're going to take what you feel is your best deal."
 
 
 [3]
 These statements include:
 (1) A statement of "Ermanco Office Employees Personnel Policies," in which Ermanco states that "the employment relationship between you and the Company is continuously subject to your continued performance of assigned work in a manner satisfactory to the Company;" and in which Ermanco promises to treat employees with "courtesy, dignity, and consideration." This document also states that this it does not "constitute an employment agreement."
 (2) Ermanco's "Hiring Guideline," which requires all hiring letters to include the following paragraph: "It is anticipated your employment with Ermanco will be beneficial and enjoyable to you and the Company. As with any employee, your employment is subject to satisfactory performance as measured against performance standards which may be communicated at the Company discretion to you from time to time."
 (3) A Memorandum to Managers, which requires managers to get approval of terminations because "[t]he discharging of employees for cause is no longer a simple management prerogative. Almost every employee is protected by a Government Law or Executive Order which requires Ermanco to prove that the discharge was not the result of a discriminatory practice."
 (4) A Memorandum on "Ermanco Management Style," which describes the performance expected of Ermanco's managers.