AAAA CREATIVE, INC., Plaintiff-Appellant, *v.* SOVEREIGN HOLIDAYS, LTD., a/k/a Enterprize Holidays, Ltd., Defendant-Appellee.

First District (3rd Division)    No. 78-444

Opinion filed September 5, 1979.

Robert E. Zeitner, of Chicago, for appellant.

Norman B. Newman, of Teller, Levit & Silvertrust, and Louis I. Kessler, both of Chicago, for appellee.

Miss JUSTICE McGILLICUDDY delivered the opinion of the court:

The plaintiff appeals from an order of the Circuit Court which granted the defendant's motion to quash service of summons for lack of

personal jurisdiction over the corporate defendant. The plaintiff contends that activities of the defendant constituted transaction of business within Illinois which subjected the defendant to the jurisdiction of the Illinois courts. Ill. Rev. Stat. 1977, ch. 110, par. 17.

The plaintiff's complaint sets forth that in August 1976 the defendant, Sovereign Holidays, Ltd., contacted the plaintiff, AAAA Creative, Inc., by telephone and requested that David Maenza, an employee of the plaintiff, perform photography work aboard a cruise ship sailing off the coast of France. A contract was formed and the plaintiff fully performed all its obligations.

The plaintiff's fee for its services was $3,716.76 of which $1,716.76 remains unpaid. Count I of the complaint asks the court to enter a judgment for possession of approximately 870 transparencies furnished to the defendant. Count II seeks damages in the amount of $1,716.76 plus costs and interest.

The defendant filed a special and limited appearance for the sole purpose of objecting to the jurisdiction of the court over the person of the defendant. The defendant also filed a motion to quash service of summons which was supported by the affidavit of Martin Fixman, the president of the defendant corporation.

Fixman states that the defendant corporation, a New York corporation, is not authorized to do business in Illinois and has never maintained an office in Illinois. In August 1976 he was requested to arrange for photographs of a cruise ship for a travel brochure. Fixman ascertained that David Maenza, the plaintiff's employee, was working in Europe. Fixman called Maenza in Europe from New York and hired him for the photographic assignment.

The plaintiff filed a reply to the defendant's motion along with the affidavit of David Maenza, the president and employee of the plaintiff corporation. He asserts that when Fixman contacted him in Europe he agreed to accept the assignment on the condition that Fixman forward an advance payment of $1,000 and a written shooting assignment to the corporate office in Chicago. Maenza states that these two items were received in Chicago from Fixman.

■■ Section 17 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 17) provides in pertinent part as follows:

> "(1) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:
>
> (a) The transaction of any business within this State."

The Illinois Supreme Court has noted that this section reflects "a conscious purpose to assert jurisdiction over nonresident defendants to the extent permitted by the due process clause." *Nelson v. Miller* (1957), 11 Ill. 2d 378, 389, 143 N.E.2d 673.

The United States Supreme Court in *Schaffer v. Heitner* (1977), 433 U.S. 186, 53 L. Ed. 2d 683, 97 S. Ct. 2569, reaffirmed the following requirements set forth in *International Shoe Co. v. Washington* (1945), 326 U.S. 310, 90 L. Ed. 95, 66 S. Ct. 154, which must be satisfied before a State can exercise jurisdiction over a nonresident corporation.

> 1. Federal concepts of due process must be satisfied. "[D]ue process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' "(326 U.S. 310, 316, 90 L. Ed. 95, 102, 66 S. Ct. 154, 158.)
>
> 2. The defendant corporation must have had such minimum contacts "with the state of the forum as make it reasonable, in the context of our federal system of government, to require the corporation to defend the particular suit which is brought there." (326 U.S. 310, 317, 90 L. Ed. 95, 102, 66 S. Ct. 154, 158.)

These same requirements are specified in *Braband v. Beech Aircraft Corp.* (1978), 72 Ill. 2d 548, 382 N.E.2d 252. The court has also held that there must be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla* (1958), 357 U.S. 235, 253, 2 L. Ed. 2d 1283, 1298, 78 S. Ct. 1228, 1240.

■ ■ Whether there are sufficient minimum contacts between the nonresident defendant and the State of Illinois cannot be determined by an exact formula, but must be resolved by ascertaining what is fair and reasonable in the particular situation. (*Gray v. American Radiator & Standard Sanitary Corp.* (1961), 22 Ill. 2d 432, 176 N.E.2d 761; *Citizens Bank & Trust Co. v. Pittman* (1977), 52 Ill. App. 3d 137, 367 N.E.2d 265.) However, our courts will not permit a plaintiff to lure a nonresident defendant into this jurisdiction; the defendant must have voluntarily invoked the benefits and protections of the laws of this State. *Chicago Film Enterprises v. Jablanow* (1977), 55 Ill. App. 3d 739, 371 N.E.2d 161; *Muffo v. Forsyth* (1976), 37 Ill. App. 3d 6, 345 N.E.2d 149.

Whether the defendant has established sufficient minimum contacts to subject itself to jurisdiction in Illinois in the instant case is a very close question. The defendant is not an Illinois corporation, and no representative of it visited Illinois in connection with this transaction. The

defendant contacted and negotiated with the plaintiff's employee by way of a telephone call from New York to Europe. In addition, the performance of the contract, the photography session, occurred in Europe.

The defendant, however, was aware that it was dealing with an Illinois corporation. In addition, the contract was formed in Illinois upon the performance of the condition precedent, the forwarding to Chicago of the $1,000 check and the shooting assignment. (*Johnston v. Industrial Com.* (1933), 352 Ill. 74, 185 N.E. 191.) The defendant also sent a second check for $1,000 to the plaintiff in Illinois. It is of great importance that it was the defendant who initiated the transaction which resulted in this litigation.

The defendant relies on *Artoe v. Mann* (1976), 36 Ill. App. 3d 204, 343 N.E.2d 647, in which the court concluded that the mere reception of a formal order through the mails in Illinois did not satisfy the minimum contact requirement. In *Artoe* the court considered it important that the plaintiff initiated the contract by visiting the office of the corporate defendant in California. Likewise, in two other cases in which the courts found no *in personam* jurisdiction, a significant factor was the fact that the plaintiffs initiated the contract by unsolicited phone calls to the nonresident defendants. *Chicago Film Enterprises v. Jablanow; Central Clearing, Inc. v. Omega Industries, Inc.* (1976), 42 Ill. App. 3d 1025, 356 N.E.2d 852.

However, we believe that the requisite minimum contact exists between the defendant and Illinois to support *in personam* jurisdiction. When the defendant contacted Maenza in Europe, Maenza agreed to accept the job if the check and assignment were forwarded to Illinois. The defendant knew, or should have known, that it had entered into a contract with an Illinois corporation, that the place of formation of the contract was Illinois, that the fee for Maenza's services would be paid to the plaintiff in Illinois, and that if the fee remained unpaid it might be liable to suit in Illinois. (*Colony Press, Inc. v. Fleeman* (1974), 17 Ill. App. 3d 14, 308 N.E.2d 78; *Cook Associates, Inc., v. Colonial Broach & Machine Co.* (1973), 14 Ill. App. 3d 965, 304 N.E.2d 27.) We believe that the defendant voluntarily invoked the protections of the State of Illinois. Therefore, maintenance of this suit in Illinois would not offend the traditional notions of fair play and substantial justice.

For the foregoing reasons, the order of the Circuit Court quashing the service of summons is reversed and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

SIMON, P. J., and RIZZI, J., concur.