JAMES ROBERT BUZZARD *et al.*, Plaintiffs-Appellants, *v.* VINCENT J. BOLGER *et al.*, Defendants-Appellees.

Second District   No. 82—762

Opinion filed August 26, 1983.—Rehearing denied October 6, 1983.

E. Paul Lanphier, of Elmhurst, for appellants.

Jeffrey M. Weston, of Friedman, Weston, Sternberg & Rakich, Charles T. Kropik, and Kenneth K. Shaw, Jr., all of Chicago, for appellee Alphonse Klecka.

Frank B. May, Jr., of Oak Brook, for appellees Thorsen Realtors and Jeanne Stone.

JUSTICE VAN DEUSEN delivered the opinion of the court:

Plaintiffs appeal the dismissal of counts III and IV of their fourth amended complaint directed against defendants Thorsen Realtors and Jeanne Stone as well as the dismissal of count IV of their second amended complaint against defendant Alphonse Klecka.

In ruling on these motions to dismiss, this court, as well as the trial court, is required to accept all facts well pleaded as true and to draw all reasonable inferences therefrom in favor of the plaintiff. However, the motion to dismiss does not admit conclusions of fact or

of law unsupported by allegations of specific facts upon which such conclusions rest. (*Pierce v. Carpentier* (1960), 20 Ill. 2d 526, 531; *Zaborowski v. Hoffman Rosner Corp.* (1976), 43 Ill. App. 3d 21, 25; *Zickur v. Irmiger* (1973), 15 Ill. App. 3d 805, 807.) While pleadings are to be liberally construed with a view to do substantial justice between the parties, section 2—603 of the Code of Civil Procedure also requires that the pleadings shall contain a plain and concise statement of the pleader's cause of action and that each separate cause of action upon which a separate recovery may be had shall be stated in a separate count as the case may be (Ill. Rev. Stat. 1981, ch. 110, par. 2—603).

On appeal, plaintiffs first contend that the allegations of count III of their fourth amended complaint contained sufficient factual allegations upon which to base a cause of action on either one or both of the following theories: (1) the existence of a principal/agent relationship which gives rise to a duty owed by defendants Thorsen and Stone to plaintiffs and a breach of that duty by defendants' failure to disclose the condition of the premises to plaintiffs and (2) a cause of action for negligent misrepresentation.

Our examination of count III discloses it to be a hodgepodge of allegations in which plaintiffs, contrary to section 2—603 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—603), have attempted to set forth two causes of action.

Plaintiffs have failed to do either. The trial court correctly found that the allegations of count III of the fourth amended complaint were insufficient to support the pleader's conclusion that a relationship of principal and agent existed between plaintiffs and defendants Thorsen and Stone which gave rise to a duty owed by defendants to plaintiffs.

The specific allegations contained in the complaint upon which plaintiffs rely to support their conclusion that an agency relationship existed between themselves and defendants Thorsen Realtors and Stone were that plaintiffs sought services of defendants in purchasing a residence and that in the course of showing residential property, defendants gave plaintiffs counsel and advice concerning value and the conditions of single-family residences and advice concerning the applicability of the Veteran's Administration financing that might be available. These allegations are insufficient to support the conclusion that an agency relationship existed between plaintiffs and defendants, particularly when read in the context of the contract in question.

The contract to purchase the property in question is a part of the complaint. According to the ·contract, defendant Gladstone Realty was

the listing broker and defendant Thorsen Realtors, was the cooperating broker whose fees were to be paid by the seller. The only reasonable inference that can be drawn from the contract is that defendant, Thorsen Realtors, and its employee, defendant Stone, were acting on behalf of the sellers and expected compensation from them. The relationship existing between broker and an owner of property is one of agency and is created by a contract of employment between the parties. (*Arthur Rubloff & Co. v. Drovers National Bank* (1980), 80 Ill. App. 3d 867, 871.) The contract in question would establish that defendants were agents of the seller and not of plaintiffs.

Plaintiffs' reliance upon *Duhl v. Nash Realty Inc.* (1981), 102 Ill. App. 3d 483, is misplaced. In *Duhl,* the plaintiffs as buyers, contacted defendant Reigel, who was a licensed real estate broker and agent of Nash Realty. Plaintiffs told Reigel that they wanted to engage her services for the purchase of a new home and the sale of their present residence. Reigel agreed to act as their agent. (102 Ill. App. 3d 483, 485.) No such agreement is alleged here. Plaintiffs have failed to state a cause of action for negligence based upon the breach of a duty arising from an agency relationship.

Nor are the allegations of count III of the fourth amended complaint sufficient to state a cause of action on the theory of negligent misrepresentation. We recognize that our supreme court has held that real estate brokers occupy a position of trust with respect to purchasers with whom they are negotiating and owe a duty to exercise good faith in their dealings with such purchasers even absent the existence of an agency relationship. (*Sawyer Realty Group, Inc. v. Jarvis Corp.* (1982), 89 Ill. 2d 379, 385-86.) Misrepresentations of material facts made intentionally by a broker could well be the basis for a cause of action based upon fraud and deceit, and misrepresentations of material fact made negligently could well be the basis for a cause of action for negligent misrepresentation. From our examination of the pleadings, we cannot ascertain whether plaintiffs sought to bring a cause of action based upon fraud or upon negligent misrepresentation. Nowhere in count III of the fourth amended complaint do plaintiffs allege that the alleged misrepresentations of defendants were made negligently or constituted negligent conduct or that plaintiffs' damages were proximately caused as a result of any negligent conduct. These are essential allegations to state a cause of action for negligence. *Lyons v. Christ Episcopal Church* (1979), 71 Ill. App. 3d 257, 259.

In addition, the alleged material facts which were purported to be misrepresented were that plaintiffs need not concern

themselves with the condition of the property; that in view of the fact that plaintiffs were applying for V.A. financing, they would not be required to purchase the property unless the Veteran's Administration appraisal was approved; and that any substantial material defects would be required to be repaired or replaced by the sellers. An additional alleged misrepresentation was to the effect that the services of an attorney were not necessary for plaintiffs' representation in connection with the purchase of the residence. These representations are not representations of existing facts, rather they constituted a mixture of opinion and promises of future action. Ordinarily, the material facts upon which misrepresentation cases rest must be a past or existing fact rather than an opinion or promise of future action. (See *Knightsbridge Realty Partners, Ltd-75 v. Pace* (1981), 101 Ill. App. 3d 49, 54.) Nor is there any suggestion in the pleadings that the misrepresentations made were a part of a scheme to defraud which might make false promises of future conduct actionable. (See *Ronan v. Rittmueller* (1982), 105 Ill. App. 3d 200, 206.) The allegations of count III of the fourth amended complaint as they presently stand are insufficient to state a cause of action for negligent misrepresentation.

█ We recognize that pleadings are to be liberally construed and that a complaint should not be dismissed unless it clearly appears that no set of facts could be proven under the pleadings which would entitle plaintiffs to relief. (*Brooks v. Village of Wilmette* (1979), 72 Ill. App. 3d 753, 756.) However, the statutory requirements are that pleadings shall contain a plain and concise statement of the pleader's cause of action and each separate cause of action shall be stated in a separate count. (Ill. Rev. Stat. 1981, ch. 110, par. 2—603.) Significant policy considerations favor adherence to these rules. In particular is the interest in the efficient and orderly administration of justice. To allow a party to proceed to trial on the basis of the allegations contained in count III of the fourth amended complaint would result in confusion and place an unnecessary burden upon the trial judge. (See *Foxcroft Townhome Owners Association v. Hoffman Rosner Corp.* (1983), 96 Ill. 2d 150.) Plaintiff has filed five complaints in this matter over a period of almost two years and the allegations of count III still does not set forth a clear and concise statement of his cause of action. Enough is enough. The trial court did not err in dismissing count III of the fourth amended complaint.

█ █ We find, however, that the trial court did err in dismissing count IV of the fourth amended complaint at the pleadings stage. Relying upon the same alleged misrepresentations that were the basis of their claim for a cause of action for negligent misrepresentation,

plaintiffs assert in count IV a cause of action for an unlawful deceptive trade practice under section 2 of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1981, ch. 121½, par. 262 (Consumer Fraud Act)), as defined in section 2 of the Uniform Deceptive Trade Practices Act (Ill. Rev. Stat. 1981, ch. 121½, par. 312). The Consumer Fraud Act provides an even broader consumer protection than does the common law action of fraud or negligent misrepresentation since the Act also prohibits any "deception" or "false promise." (Ill. Rev. Stat. 1981, ch. 121½, par. 262; see *Perlman v. Time, Inc.* (1978), 64 Ill. App. 3d 190, 198.) It has been stated that there is a clear mandate from the legislature to the courts to use the Consumer Fraud Act to the utmost degree to eradicate all forms of deception and unfair business practices. 64 Ill. App. 3d 190, 198.

*Beard v. Gress* (1980), 90 Ill. App. 3d 622, holds that by the express terms of section 2 of the Consumer Fraud Act (Ill. Rev. Stat. 1979, ch. 121½, par. 262), a misrepresentation made by a broker to a party as to a material fact in a real estate sales transaction constitutes an actionable violation of the Consumer Fraud Act. (90 Ill. App. 3d 622, 626.) If the purchasers in this matter were misled into believing that they need not concern themselves with the conditions of the premises while they were purchasing the same, since any substantial material defects would be required to be repaired or replaced by the seller and they were in fact material defects which were not repaired or replaced, one could conclude that the purchasers would indeed be damaged. Subsection 12 of section 2 of the Uniform Act states that person commits a deceptive practice when he "engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding." (Ill. Rev. Stat. 1979, ch. 121½, par. 312.) The misstatement that the sellers would be required to repair any substantial material defect taken together with the other allegations of the complaint can be considered to be conduct which creates a likelihood of misunderstanding and therefore a deceptive trade practice as defined in section 2 of the Uniform Act (Ill. Rev. Stat. 1979, ch. 121½, par. 312). Contrary to defendants' contention, the 1982 amendment to the Consumer Fraud Act (1982 Ill. Laws 148) can have no application to the cause of action alleged here which arose in 1978. See *Board of Trustees v. Illinois Community College Board* (1978), 63 Ill. App. 3d 969, 974, citing *People ex rel. County of St. Clair v. Reinhardt* (1964), 51 Ill. App. 2d 110, 115.

Plaintiffs also contend that the trial court erred in dismissing count IV of plaintiffs' first amended complaint against the appraiser, Alphonse Klecka, for failure to state a cause of action. Ac-

cording to the allegations of that count, Banco Mortgage Corporation, as agent of defendants Bolger and Hall, hired Klecka to render an opinion as to the reasonable value of the property for purposes of securing Veteran's Administration approval; Klecka submitted his written appraisal, the V.A. loan was granted and plaintiffs closed the real estate transaction.

We do not reach the issue of whether or not Klecka owed any duty to the plaintiffs since the allegations of count IV of plaintiffs' first amended complaint are otherwise insufficient to state a cause of action based on negligence against defendant Klecka. The only negligence charged against defendant Klecka was that he conducted his inspection in a negligent manner and improperly rendered his opinion. Such an allegation is a conclusion of the pleader. Since it is not substantiated by any underlying facts whatsoever, it must be disregarded. (*Treister v. American Academy of Orthopaedic Surgeons* (1979), 78 Ill. App. 3d 746, 757.) Count IV of plaintiffs' first amended complaint is insufficient to state a cause of action against defendant Klecka and the trial court did not err in dismissing it.

The portion of the trial court's order dismissing count IV of the first amended complaint against defendant Klecka and count III of the fourth amended complaint (improperly designated as first amended complaint) is affirmed, and that part of the order of the trial court dismissing count IV of the fourth amended complaint is reversed and the cause is remanded for further proceedings on that count.

Affirmed in part; reversed in part and remanded.

NASH and UNVERZAGT, JJ., concur.