**BODEN PRODUCTS, INC., an Illinois Corporation, Plaintiff,**

v.

**NOVACHEM, INC., a Louisiana Corporation, and Madison Concentrates Company, a Tennessee Corporation, Defendants.**

**No. 86 C 6123.**

United States District Court, N.D. Illinois, E.D.

Feb. 3, 1987.

J. Craig Busey, Marjorie Heiss, McDermott Will & Emery, Chicago, Ill., for plaintiff.

Mark S. Lieberman, Bernard P. Edelman, Rosenthal & Schanfield, Chicago, Ill., Francis M. Donovan, O'Halloran Lively & Walker, Northbrook, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Boden Products, Inc. ("Boden"), an Illinois corporation, brought this diversity suit against defendants Novachem, Inc. ("Novachem"), a Louisiana corporation, and Madison Concentrates Co. ("Madison"), a Tennessee corporation. Boden seeks to recover $149,750.15 due and owing for six shipments of juice concentrates allegedly sold to one or both of the defendants in March and April of 1986. Madison has moved to reconsider the denial of its motion to transfer this cause to the United States District Court for the Western District of Tennessee, Eastern Division. Novachem has moved that it be dismissed from this action for lack of personal jurisdiction under Fed.R.Civ.P. 12(b)(2) and for failure to state a claim under Fed.R.Civ.P. 12(b)(6). For the reasons stated below, we deny both defendants' motions.

## BACKGROUND

Boden's principal place of business is in Franklin Park, Illinois. It is engaged in the business of manufacturing, processing and selling various juice products, including juice concentrates. This suit arises from Boden's activities as a seller with Novachem, whose principal place of business is in Baton Rouge, Louisiana, and Madison, whose principal place of business is located in Jackson, Tennessee. Novachem has, in some capacity, purchased juice concentrates from Boden. During 1985, Boden became aware that Madison was paying for orders placed by Novachem. Novachem claims that it only made three

purchases from Boden, and on each occasion Novachem expressly authorized Madison to act on its behalf. Novachem further asserts that it informed Boden of this authorization with respect to each of the three purchases. Boden claims that neither Novachem nor Madison indicated to Boden at any time that Novachem was no longer a party to the transaction.

The basis for this claim is the payment due and owing for six shipments of juice concentrates ordered in March and April 1986. Boden claimed that either Novachem or Madison, acting on behalf of Novachem, ordered these purchases. Novachem claims that it did not place the orders, and that Madison did not act on its behalf. Madison admits that it placed the orders for Madison customers and denies that Madison was acting on Novachem's behalf at the time. Madison admits that Novachem was billed for the shipments and that Madison received the invoices. Madison denies owing Boden any monies.

### MOTION TO RECONSIDER DENIAL TO TRANSFER

On October 10, 1986, Madison filed its Motion to Transfer. This Court denied that motion on October 31. On November 25, Madison moved to reconsider the Court's denial of its motion. At the same time we allowed Madison's motion to file a counterclaim by December 16, 1986. As of January 26, 1987, no counterclaim has been filed.

■ Transfers of venue are governed by Title 28 U.S.C. Section 1404(a) (1982), which provides:

> For the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The requirements of 1404(a) are threefold —(1) venue must be proper in the transferor district; (2) the action could have been brought initially in the transferee district; and (3) the transfer must serve the conve-

nience of the parties and the witnesses and promote the interests of justice. *Central States, Southeast and Southwest Areas Pension Fund v. Brown,* 587 F.Supp. 1067, 1069 (N.D.Ill.1984): *Continental Illinois National Bank and Trust Co. of Chicago v. Stanley,* 606 F.Supp. 558, 563 (N.D.Ill. 1985). The defendant must also establish that when the parties' conveniences and the interests of justice are weighed, the balance lies favorably towards a transfer. *Central States,* 587 F.Supp. at 1069.

■ The satisfaction of the first two requirements are not disputed in this case. Title 28 U.S.C. Section 1391 provides for proper venue in the district where all plaintiffs reside, where all defendants reside and where the cause of action arose. Venue is proper in this Court, the proposed transferor district, since Boden, the only plaintiff, resides and conducts business in Franklin Park, Illinois, which is located within the Northern District. With respect to the second requirement, the disputed six shipments were sent to Novachem in care of an address in Jackson, Tennessee, presumably Madison. Therefore, the Western District of Tennessee is a possible situs for where the claim arose. This point is not disputed.

It is the third § 1404(a) requirement that Madison has failed to satisfy. It has not demonstrated that a transfer would be for the convenience of the parties and witnesses and in the interests of justice. Madison's principal reason supporting a transfer to a different forum is that the proofs involved in its counterclaim are "extensive and expensive." *See* Defendant's Memorandum in Support of Motion to Reconsider, p.3. Madison has attached the affidavit of Frank Farmer, its president, asserting that Madison would be unjustly inconvenienced in having to prove its counterclaim against Boden in this forum. While the Court granted leave to file a counterclaim to Madison, more than a month has elapsed since the deadline imposed for that filing. The failure to file a counterclaim foreclosed a second opportunity [1] for Madison to dem-

---

**1.** There will be no "third bite of the apple," and we will entertain no further motions by Madison to reconsider.

onstrate that a transfer would best serve the parties and justice. Upon these facts, to grant a motion to transfer in this case would be to merely shift the inconvenience to the plaintiff, an occurrence the law forbids. *See Blumenthal v. Management Assistance, Inc.,* 480 F.Supp. 470, 474 (N.D. Ill.1979); *Smutney v. Educational Concepts, Inc.,* No. 83 C 0539, slip op. at 4–5 (N.D.Ill. Sept. 21, 1983) (Aspen, J.); *Cost-to-Coast Stores, Inc. v. Womack-Bowers, Inc.,* 594 F.Supp. 731, 733 (D.Minn.1984).

## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

■ Novachem has moved for dismissal pursuant to Fed.R.Civ.P. 12(b)(6) for lack of jurisdiction over the person. While the plaintiff has the burden of providing sufficient facts to support jurisdiction, it has the advantage of having all factual disputes resolved in its favor. *United States Railway Equipment Co. v. Port Huron & Detroit Railroad,* 495 F.2d 1127, 1128 (7th Cir.1974); *Maurice Sternberg, Inc. v. James,* 577 F.Supp. 882, 885 (N.D.Ill.1984) (citing *Captain International Industries v. Westbury, Chicago, Inc.,* 416 F.Supp. 721, 722 (N.D.Ill.1975). The plaintiff need only make a prima facie showing that jurisdiction exists. *Mandalay Associates Limited Partnership v. Hoffman,* 141 Ill. App.3d 891, 894, 491 N.E.2d 39, 42 (1st Dist. 1986).

Personal jurisdiction in this case is governed by the Illinois long-arm statute. Ill. Rev.Stat. ch. 110 ¶ 2–209(a)(1) (1985), which provides that:

> [a]ny person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his or her personal representative, to ... jurisdiction ... as to any cause of action arising from ... (the) transaction of any business within this State.

A single act can sufficiently satisfy this requirement. *Snyder v. Smith,* 736 F.2d 409, 416 (7th Cir.1984); *Jacobs/Kahn & Co. v. Marsh,* 740 F.2d 587, 591 n. 4 (7th Cir.1984). The cause of action need only "lie in the wake" of the transaction of business. *Snyder* at 416; *Jacobs/Kahan* at 591. Furthermore, if a nonresident corporation does business in Illinois, it has consented to being sued here. *See Cook Associates, Inc. v. Lexington United Corp.,* 87 Ill.2d 190, 199, 429 N.E.2d 847, 851 (1981).

The terms of the long-arm statute allow for the acts of an agent to confer jurisdiction. An agent requires the principal's express or implied authority to perform acts which give rise to submission to jurisdiction. *Petty v. Cadwallader,* 135 Ill.App.3d 695, 698–99, 482 N.E.2d 225, 229 (4th Dist. 1985). A party who sends an agent into Illinois to solicit or negotiate a contract, for example, "transacts business" within the meaning of the statute. *Scovill Manufacturing Co. v. Dateline Electric Co., Ltd.,* 461 F.2d 897, 900 (7th Cir.1972). In Illinois, when the principal places the agent in circumstances where a third party could reasonably infer that the agent has actual authority to act, the principal is estopped from denying the agent's apparent authority. *Alterman v. Lydick,* 241 F.2d 50, 53 (7th Cir.1957); *Bank of North Carolina, N.A. v. Rock Island Bank,* 630 F.2d 1243, 1251 (7th Cir.1980) (citing *Crawford Savings & Loan Association v. Dvorak,* 40 Ill.App.3d 288, 292–93, 352 N.E.2d 261, 264 (1st Dist. 1976)). He is bound equally by the authority he actually gives and that which he appears to give. *Lynch v. Board of Educ. of Collinsville,* 82 Ill.2d 415, 425, 45 Ill.Dec. 96, 98, 412 N.E.2d 447, 455 (1980); *see also Simpson v. Compagnie Nationale Air France,* 42 Ill.2d 496, 500, 248 N.E.2d 117, 120 (1969). If there is a question of whether the agent was authorized to act for the principal, this is an issue of fact not properly resolved on a motion to dismiss. *See Lynch,* 82 Ill.2d at 425, 45 Ill.Dec. at 101, 412 N.E.2d at 456.

The cause of action here arose from an alleged contract between Boden and either Novachem or Madison. The complaint alleges that there was a principal-agent relationship between the defendants, a relationship Novachem acknowledges. *See* Affidavit of Robert E. Farmer, ¶¶ 6, 8. Boden claims that it relied on Novachem's acqui-

escence with Boden's billing Novachem for orders placed by Novachem or by Madison on behalf of Novachem. Since all of Novachem's earlier transactions had been handled by Madison, and since there have been no allegations that Madison had ever before acted on its own behalf with Boden, Boden can be found to have reasonably relied on the authority which Madison appeared to possess.

For these reasons, Novachem's motion to dismiss for lack of personal jurisdiction is denied.

### MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Novachem has also moved for dismissal under Fed.R.Civ.P. 12(b)(6) for "failure to state a claim upon which relief can be granted." A complaint may not be dismissed under Rule 12(b)(6) "unless it appears *beyond doubt* that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" *Conley v. Gibson*, 355 U.S. 41, 44-45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957) (emphasis added); *Miller v. School Dist. No. 167, Cook County*, 495 F.2d 658, 661 (7th Cir.1974); *Augustine v. Edgar*, 576 F.Supp. 1141, 1143 (N.D. Ill. 1983). Furthermore, dismissal is proper where no relief is possible under any set of facts consistent with the allegations. *Hishon v. King & Spaulding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2233, 81 L.Ed.2d 59 (1984); *see also Mitchell v. Archibald & Kendall, Inc.*, 573 F.2d 429, 432 (7th Cir.1978).

■ In this case, Boden has alleged a set of facts which may entitle it to relief against Novachem. Boden has alleged that Madison represented Novachem in some capacity in its dealings with Boden. Complaint, p.3. Novachem has admitted that it was involved in a principal-agency relationship with Madison. Affidavit of Robert E. Farmer, ¶¶ 6, 8. Novachem also admits having advised Boden of this relationship. *Id.* at 8. Furthermore, Novachem claims that in all of its dealings with Boden, Madi-

son acted as its expressly-authorized representative. *Id.* Therefore, it is *possible* that this Court could find that Boden can obtain relief from Novachem, based on its relation to Madison.[2] Therefore, Novachem's motion to dismiss for failing to state a claim is denied.

### SUMMARY

For the reasons set forth herein, Madison's motion to reconsider our denial of its motion to transfer and both of Novachem's motions to dismiss are denied. It is so ordered.

---

2. But it may be unlikely that Madison, in its answer, has admitted placing the orders in question. Furthermore, Madison asserts that the shipments were delivered to its (Madison's) customers. Therefore, should Boden anticipate a ruling on summary judgment in favor of Novachem, it might be appropriate for Madison to move to dismiss Novachem at this time.