JOSEPH L. DOMBROWSKI *et al.*, Plaintiffs-Appellants, v. LARSON LODGE *et al.*, Defendants-Appellees.

First District (5th Division)    No. 1—92—2638

Opinion filed February 10, 1994.

Dombrowski & Sorensen, of Chicago (Mark F. Kemper, of counsel), for appellants.

Donald A. Shapiro, Ltd., of Chicago (Donald A. Shapiro and Frank A. Moscardini, Jr., of counsel), for appellees.

JUSTICE COUSINS delivered the opinion of the court:

Plaintiffs are Illinois attorneys who were discharged by their Illinois resident client who filed a wrongful death action in Florida against Water Mania, Inc. (defendant). They brought an action in an Illinois circuit court against the defendant in the underlying personal injury case to enforce their attorney's lien for fees. Defendant specially appeared to contest *in personam* jurisdiction of the Illinois courts. The trial court quashed service of process and dismissed plaintiffs' cause of action. Plaintiffs appealed.

The issues presented for review are (1) whether plaintiffs have waived their long-arm statute claim because (a) they omitted such in their complaint and (b) they allegedly did not raise a minimum contacts issue in the circuit court, and (2) whether the trial court erred by determining that the Illinois long-arm statute did not extend to the nonresident defendant.

BACKGROUND

Initially, we note that defendant was not sued under its correct name. Even so, it was served in the State of Florida and we will address this matter on the merits.

While on vacation in Florida, Illinois resident Eric Edmonds, deceased, drowned at a water theme park owned and operated by Water Mania. His Illinois resident wife, Mrs. Patricia Edmonds (Edmonds or Mrs. Edmonds), hired Illinois attorneys Joseph L. Dombrowski and Joan Sorensen (plaintiffs) to handle her wrongful death claim. Plaintiffs served an attorney's lien for fees letter on defendant in Florida. Defendant forwarded the lien to its insurance carrier, American Empire Surplus Lines Insurance Company (American), which engaged the services of Crawford and Company (Crawford), an Illinois corporation, to assist in its adjustment of the Edmonds case.

Approximately seven months later, Edmonds discharged plaintiffs and retained the Illinois law firm of Donald A. Shapiro, Ltd. (Shapiro). Shapiro engaged local counsel in Florida, Greg Sahlsten (Sahlsten), who filed a wrongful death action in the United States District

Court for the Middle District of Florida against Water Mania, Inc. American, on behalf of Water Mania, retained the Florida law firm of Rumberger, Kirk, Caldwell, Cabaniss, Burke & Wachsler (Rumberger) to defend the action. By affidavit, Shapiro swore that he never negotiated, dealt with, spoke to or otherwise had any dealings with Crawford and Company and that he only negotiated with defendant's counsel on behalf of the estate of Eric Edmonds.

During the pendency of the wrongful death action, Shapiro and Rumberger settled the case for $500,000. A United States District Court judge in Florida approved the settlement. A provision of the release signed by Edmonds required that the net proceeds be disbursed pursuant to an order issued by the Illinois probate court. The probate court approved the amounts distributable.

Plaintiffs later filed suit in Illinois against defendant and Crawford to enforce their lien for attorney fees. The complaint did not allege long-arm statute jurisdiction of the Illinois courts.

Defendant specially appeared and filed a motion to quash and to contest jurisdiction. Attached to defendant's motion to quash was an affidavit by Gary Larson, president of Water Mania, which attested that defendant had not committed any acts as enumerated under the Illinois long-arm statute (Ill. Rev. Stat. 1989, ch. 110, par. 2—209) (now 735 ILCS 5/2—209 (West 1992)). Specifically, he stated that he did not conduct business in Illinois nor had he transacted business in Illinois with respect to the matters involved in the estate of Edmonds matter; that Water Mania was a corporation organized and existing under the laws of the State of Florida with its principal place of business in Kissimmee, Florida, where it operates a water theme park; Water Mania did not transact business in Illinois with respect to the estate of Edmonds matter; there no longer existed an entity known as "Larson Lodge," but that when it was involved with Water Mania, it did not do business within the State of Illinois and did not transact business in Illinois with respect to the estate of Edmonds matter. Represented by separate counsel, Crawford filed a motion to dismiss in response to plaintiffs' complaint.

In response to defendant's motion to quash, Joseph Dombrowski (Dombrowski), one of the plaintiffs, filed an affidavit which stated, in pertinent part, that he served an attorney's lien for fees upon defendant; that Crawford and Company was engaged by defendant to adjust said claim; Crawford and Company maintained offices and was registered to do business in Illinois; and as agents of defendant, transacted business in Illinois by adjusting said claim and by making telephone calls and sending correspondence to Illinois, by requesting medical records, and signing authorizations of Illinois residents; and

that based on information and belief, defendant, individually and through its agents, transacted business in Illinois and entered into contracts substantially connected with Illinois by settling a claim made against defendant by Illinois residents, negotiating with an Illinois lawyer, sending release drafts to Illinois, requesting approval of the settlement by an Illinois probate court, and by sending funds to Illinois.

An Illinois circuit court judge granted Crawford's motion to dismiss and plaintiffs filed an additional affidavit which claimed that *Water Mania's counsel* transacted business in Illinois and entered into contracts substantially connected with Illinois by negotiating, drafting, and sending a release pertaining to the settlement of the estate of Edmonds matter. Dombrowski further stated that *Water Mania* expressly invoked the benefits and protections of Illinois law by making said release conditional upon approval by the circuit court of Cook County, by sending $500,000 into the State of Illinois in settlement and satisfaction of said wrongful death claim, by travelling to Illinois to depose plaintiffs, and by advertising in Illinois. The advertisement submitted in the record was dated spring 1992.

During the hearing regarding the motion to quash, plaintiffs admitted that they did not "have much of an argument" with defendant Gary Larson and Larson Lodge and that they were basing their arguments for long-arm jurisdiction primarily on Water Mania's agent, attorneys, and the underlying wrongful death action in the case. The trial court, relying on the Illinois long-arm statute, granted defendant's motion to quash, stating that defendant's activities were insufficient to confer Illinois jurisdiction. Plaintiffs appealed.

I

■ Defendant contends that plaintiffs waived long-arm jurisdiction and their minimum contacts argument because they neglected to plead long-arm jurisdiction in their complaint and they failed to raise the minimum contacts issue in the circuit court. We disagree.

An objection that an issue was not raised in a complaint may be waived by the conduct at the trial of the objecting party or by introduction of evidence on the issue. (*Pioneer Trust & Savings Bank v. County of Cook* (1978), 71 Ill. 2d 510, 518, 377 N.E.2d 21.) Defendant raised this issue, for the first time, during its motion to dismiss hearing which occurred subsequent to its attesting in its affidavit that it did not transact business in Illinois with respect to the attorney's lien or the underlying personal injury claim. Thus, it waived this issue by its actions. We further note that plaintiffs did raise a long-arm statute argument in response to defendant's motion to quash.

Defendant erroneously asserts that plaintiffs waived any minimum contacts argument because they failed to raise such issue in the circuit court. Plaintiffs raised a minimum contacts argument in their brief in response to defendant's motion to quash. Therefore, plaintiffs cannot be said to have waived the minimum contacts argument, and we will discuss the long-arm statute as well as the minimum contacts issue.

## II

Plaintiffs contend that the trial court erred by determining that the Illinois long-arm statute did not extend to the nonresident defendant. We disagree.

The Illinois long-arm statute (Ill. Rev. Stat. 1989, ch. 110, pars. 2—209(a)(1), (c)) (now 735 ILCS 5/2—209(a)(1), (c) (West 1992)) provides, in pertinent part:

"(a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:

(1) The transaction of any business within this State;

\* \* \*

(7) The making or performance of any contract or promise substantially connected with this State;

\* \* \*

(c) A court may also exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States."

■ When faced with the question of whether personal jurisdiction may be exercised over a nonresident corporation pursuant to the long-arm statute, the court must first look to the meaning of the long-arm statute and determine whether the facts alleged within the complaint indicate that the statutory requirements have been met. (*Rollins v. Ellwood* (1990), 141 Ill. 2d 244, 271, 565 N.E.2d 1302.) Then, the court should determine whether the assertion of jurisdiction over the nonresident is permissible under the Federal due process standard to ensure that the nonresident maintained " 'certain minimum contacts with it such that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." ' " *Rollins*, 141 Ill. 2d at 271, quoting *International Shoe Co. v. Washington* (1945), 326 U.S. 310, 316, 90 L. Ed. 95, 102, 66 S. Ct. 154, 158, quoting *Milliken v. Meyer* (1940), 311 U.S. 457, 463, 85 L. Ed. 278, 283, 61 S. Ct. 339, 343.

Thus, the critical inquiry is whether jurisdiction may be conferred pursuant to the Illinois long-arm statute, and the party asserting jurisdiction has the burden of proving that jurisdiction is proper. *General Electric Railcar Services Corp. v. Wilmington Trust Co.* (1990), 208 Ill. App. 3d 459, 464, 567 N.E.2d 400; *Kotlisky v. Kotlisky* (1990), 195 Ill. App. 3d 725, 737, 552 N.E.2d 1206.

■ Factors which may be considered in determining whether the "transaction of business" prong of the statute has been met are: (1) who initiated the transaction with this State; (2) where the contract was entered into; and (3) where the contract was performed. (*General Electric*, 208 Ill. App. 3d at 465.) Further, the nonresident must have voluntarily subjected himself to the jurisdiction by seeking the benefits and protections of the laws of this State. (*General Electric*, 208 Ill. App. 3d at 465.) Courts will not permit a plaintiff to lure a nonresident defendant into this jurisdiction. *Chicago Film Enterprises v. Jablanow* (1977), 55 Ill. App. 3d 739, 742, 371 N.E.2d 161.

■ We agree with the trial court, which found that plaintiffs initiated the transaction by sending into Florida their attorney's lien. Thus, the first factor was not satisfied. Nor were the second and third criteria. The settlement in the underlying personal injury claim was executed or entered into in Florida and the obligation also originated there. Likewise, settlement checks were issued in Florida where a Florida court would intervene, if necessary, to resolve any problem. Making the release conditional on the Illinois probate court's approval, sending a $500,000 settlement draft to Illinois, and travelling to Illinois to depose Edmonds are not indicia of transaction of business. Nor do they demonstrate voluntariness. Therefore, the trial court did not err in its determination that defendant was not amenable to the jurisdiction of the Illinois courts.

We now examine whether defendant made sufficient minimum contacts. Whether there are sufficient minimum contacts between the nonresident defendant and the State of Illinois cannot be determined by an exact formula, but rather must be resolved by ascertaining what is fair and reasonable in the particular situation. *Gray v. American Radiator & Standard Sanitary Corp.* (1961), 22 Ill. 2d 432, 176 N.E.2d 761; *AAAA Creative, Inc. v. Sovereign Holidays, Ltd.* (1979), 76 Ill. App. 3d 514, 516, 395 N.E.2d 66.

■ The following three criteria must be considered in determining whether sufficient minimum contacts have been established: (1) whether the nonresident defendant had "minimum contacts" with the forum State such that he had "fair warning" that he may be hailed into a forum State court to defend himself; (2) whether the action arose out of or relates to the defendant's contacts with the

forum; and (3) whether it is reasonable to require the defendant to litigate in the forum State. *Burger King Corp. v. Rudzewicz* (1985), 471 U.S. 462, 472-73, 85 L. Ed. 2d 528, 540-41, 105 S. Ct. 2174, 2181-82; *Ores v. Kennedy* (1991), 218 Ill. App. 3d 866, 872, 578 N.E.2d 1139, *appeal allowed sub nom. Ores v. Golden* (1991), 142 Ill. 2d 656.

The "fair warning" requirement is satisfied if the defendant has purposefully directed his activities at Illinois residents, reached out beyond one State to create continuing relationships and obligation with citizens of another State, or purposefully derived benefit from his interstate activities. *Burger King*, 471 U.S. at 471-78, 85 L. Ed. 2d at 540-44, 105 S. Ct. at 2181-85; *Ores*, 218 Ill. App. 3d at 872.

■ Here, as to the first criterion, the trial court correctly found that the defendant derived no benefit from the plaintiffs' attorney's lien. Nor did defendant purposefully direct its activities at Illinois residents or reach beyond Florida to create a continuous relationship and obligation. As to the second criterion, the action arose out of plaintiffs' contacts with defendant, who was in Florida. Finally, it would be unreasonable to require defendant to defend an action in Illinois because it did not have any substantial contact with that State and all of its actions were involuntary.

Plaintiffs analogize their situation with those found in *AAAA Creative* and *Ores*. However, the cases are distinguishable. In *AAAA Creative*, the Illinois Appellate Court reversed and remanded the trial court's granting of the defendant's motion to quash because it found sufficient minimum contacts to support *in personam* jurisdiction over the nonresident corporation. The nonresident defendant corporation voluntarily and knowingly entered into a contract with an Illinois resident. Moreover, it was unequivocal that the defendant initiated the transaction: the defendant knew that it was dealing with an Illinois corporation, the contract was formed in Illinois, a fee was paid in Illinois, and the defendant knew that it would be hailed into an Illinois court. *AAAA Creative*, 76 Ill. App. 3d at 517.

In *Ores*, the Illinois Appellate Court reversed the trial court's order because it found that sufficient minimum contacts had been established to warrant *in personam* jurisdiction over the third-party defendant. The appellate court found that the third-party defendant had fair warning that he might be required to defend himself in Illinois because he "purposefully directed" his activities at Illinois residents. He directly corresponded and conversed on the telephone with the plaintiff and Illinois banks many times while performing his fiduciary duties to the estate and the estate's executors. The third-party defendant also had fair warning that he may be hailed into court in Illinois because of his conduct and connections with Illinois.

He also derived a financial benefit from his activities that were directed at Illinois residents in that he billed the decedent's estate for his time spent on numerous calls and correspondences with plaintiff and Illinois banks. Such was not the case here.

Thus, the trial court correctly dismissed plaintiff's case.

Judgment affirmed.

MURRAY, P.J., and McNULTY, J., concur.